ASHBY, J.
I respectfully dissent.
This is another example of an unfair result achieved by focusing on one right or principle to the exclusion of all the countervailing rights or principles. The basic misconception on which the majority opinion is founded is that the requirements of respondents in regard to paddling are “inconsistent” with the law. The requirements of the fundamental schools concerning consent to paddling are not inconsistent with Education Code section 10855. They can be seen as inconsistent only if one considers in a vacuum the “rights” of an individual parent to withhold or withdraw consent.
The fundamental school was designed as an alternative form of education for parents who were dissatisfied with the regular school program. The program is entirely voluntary and there are waiting lists for admissions. Admission is by application and agreement to comply with the rules of the school. The fundamental school concept was pioneered at John Marshall.[1]
*61 There is no legislative prohibition against corporal punishment as such in California. It is permissible with parental consent. The Legislature expressly authorized school districts to adopt rules providing for corporal punishment. Education Code section 10854 provides as follows: “The governing board of any school district may adopt rules and regulations authorizing teachers, principals, and other certificated personnel to administer reasonable corporal or other punishment to pupils when such action is deemed an appropriate corrective measure except and to the extent that such action is permissible as provided in Section 10855.”
Section 10855 permits a parent to withhold or withdraw consent to corporal punishment. Nowhere in section 10855 or any other section is there any indication of legislative intent to preclude a school district from adopting rules which would enable that district to assign children, at the request of their parents, to a school on the basis of whether or not their parents have consented to paddling as a form of discipline. Discipline and the availability of paddling as an alternative form of it is a cornerstone of the fundamental school concept. If the Legislature intended to affect that concept it could easily have made that intention clear by adding to section 10855 the words, “Nor may attendance at any school be conditioned on consent to corporal punishment.” Such an intent cannot be fairly read into section 10855 when construed with section 10854.
It must be remembered that although plaintiffs have a right to attend a public school they have no right to attend a fundamental school without complying with the requirements for admission. Those who do not wish their children to be subject to the possibility of paddling as a form of *62 discipline must balance that reluctance against what they perceive to be the benefits of the fundamental school.
I would affirm the trial court.
A petition for a rehearing was denied July 1, 1977. Ashby, J., was of the opinion that the petition should be granted. Respondents’ petition for a hearing by the Supreme Court was denied August 18, 1977. Clark, J., was of the opinion that the petition should be granted.

Respondents’ fundamental school program is discussed in the February 1975 issue of Nation's Schools & Colleges as follows: “Discipline and achievement are the hallmarks of John Marshall Fundamental School, which opened in the fall of 1973. Because its enrollment is voluntary, parents who send their children to the school are expected to endorse its philosophy and rules; if they don’t, they are expected to transfer their children back to the regularly assigned school. Parents are obviously endorsing the concept: John Marshall’s K-8 enrollment of 1.100 was expanded last fall with the addition of grades 9-12. bringing the enrollment to more than 1,600. The increased popularity of the program—and a resulting long waiting list—prompted the district to start a second fundamental elementary school. Sierra Mesa, a K-6 school that opened last fall with an enrollment of 410.
“Among the ‘old-fashioned’ methods the schools use to enforce discipline and encourage achievement are paddling and detention, letter grades, ability grouping (not yet realized, though still a goal), homework in all grades including kindergarten, repetition of school years if minimum standards aren’t met, a dress code, and persistent emphasis on moral standards, courtesy, respect for adults, and patriotism. *61 “ ‘Discipline is the kindest thing you can do for a child,’ says Henry S. Myers Jr., the school board member who has been the major force in the establishment of the •fundamental schools. ‘Those of us who believe in fundamental education feel very strongly that firm, impartial discipline—a completely controlled classroom—is absolutely essential before effective teaching can take place.’
“After discipline, commitment to achievement is the major emphasis at John Marshall. ‘The children have a feeling of security because they are rewarded here for achievement, not for effort. We only succeed as individuals, and the children know this,’ says Kellner [principal].
“The apparent success of John Marshall (Sierra Mesa is really too new to be judged) may have been expected, but its impact around the country wasn’t. John Marshall has been described widely in national magazines including Time, Newsweek, McCall’s and Redbook, in newspaper columns, on radio talk shows, and in educational journals. As one result, the school has received nearly a thousand inquiries from all over the country. Visitors stream through the school, their number restricted only by the time constraints of the principal and his concern about interrupting classes.”